UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a sovereign federally recognized Native Nation, | NO. 1:17-CV-3192-TOR |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| KLICKITAT COUNTY, a political subdivision of the State of Washington; KLICKITAT COUNTY SHERIFF'S OFFICE, an agency of Klickitat County; BOB SONGER, in his official capacity; KLICKITAT COUNTY DEPARTMENT OF THE PROSECUTING ATTORNEY, an agency of Klickitat County; and DAVID QUESNEL, in his official capacity, | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to

State a Claim Pursuant to FRCP 12(b)(6) and for Failure to Join Indispensable

Parties Pursuant to FRCP 12(b)(7).  ECF No. 16.  This matter was submitted for

consideration without oral argument.  The Court has reviewed the record and files

herein, and is fully informed.  For the reasons discussed below, Defendants'

Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) and for

Failure to Join Indispensable Parties Pursuant to FRCP 12(b)(7) (ECF No. 16) is

**DENIED**.

## BACKGROUND

On November 3, 2017, Plaintiff the Confederated Tribes and Bands of the

Yakama Nation filed a Complaint against Defendants Klickitat County, Klickitat

County Sherriff's Office, Klickitat's County Sheriff Bob Songer, Klickitat County

Department of the Prosecuting Attorney, and Prosecuting Attorney David Quesnel.

ECF No. 1.  Plaintiff alleges a violation of the Treaty of 1855 with the Yakama

Nation.  *Id.* at ¶¶ 6.1-6.3.  Plaintiff seeks declaratory relief that Defendants do not

have criminal jurisdiction, and that they violated the Yakama Nation's inherent

sovereign and Treaty-reserved rights by unlawfully exercising criminal jurisdiction

over PTS, an enrolled Yakama Member whose alleged crimes occurred in Indian

Country.  *Id.* at ¶ 7.  Plaintiff also requests a preliminary and permanent injunction

enjoining Defendants from exercising criminal jurisdiction over enrolled Yakama

Members for actions arising within the Yakama Reservation.  *Id.* at ¶ 7.

On April 2, 2018, Defendants filed the instant motion to dismiss for failure to state a claim and failure to join indispensable parties. ECF No. 16.

## FACTS

The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of the instant motion.[1]  Under the Treaty of 1855, the Yakama Nation reserved the right to the exclusive use and benefit of the Yakama Reservation. ECF No. 1 at ¶ 5.2.  The boundaries were set forth in Article II of the Treaty of 1855 as follows:

> Commencing on the Yakama River, at the mouth of the Attah-nam River; thence westerly along said Attah-nam River to the forks; thence along the southern tributary to the Cascade Mountains; thence southerly along the main ridge of said mountains, passing south and east of Mount Adams, to the spur whence flows the waters of the Klickitat and Pisco rivers; thence down said spur to the divide separating the waters of the Satass River from those flowing into the Columbia River; thence along said divide to the main Yakama, eight miles below the mouth of the Satass River; and thence up the Yakama River to the place of beginning.

*Id.*  Plaintiff asserts that the exterior boundaries of the Yakama Reservation remain unchanged since the signing of the Treaty in 1855.  *Id.* at ¶ 5.3.

---

[1]     The Court does not consider the maps provided by Defendants in the Motion to Dismiss.  *See* ECF Nos. 16 at 2-4; 23 at 3 n.1.

On June 12, 1855, Territorial Governor Isaac Stevens prepared a map of the Yakama Reservation ("Treaty Map"), and sent the Treaty Map and Treaty of 1855 to Washington D.C. for ratification. *Id.* at ¶ 5.4. The Treaty was ratified on March 8, 1859 and proclaimed by President James Buchanan on April 18, 1859. *Id.* at ¶ 5.6. The Treaty Map depicts a tract of land on the southwest corner of the Yakama Reservation known as "Tract D," which was described as "passing south and east of Mount Adams, to the spur whence flows the waters of the Klickitat and Pisco rivers; thence down said spur to the divide separating the waters of the Satass River from those flowing into the Columbia River ...." *Id.* at ¶ 5.5

Plaintiff states that some confusion arose in the late 19th century and early part of the 20th century due to the United States' misplacement of the Treaty Map and subsequent erroneous surveys related to the Yakama Reservation. *Id.* at ¶ 5.7. Yet, Plaintiff contends that Tract D was wholly included among the lands promised to the Yakama Nation in the Treaty of 1855, which Defendants deny. *Id.*

On March 13, 1963, the State of Washington assumed partial civil and criminal jurisdiction from the United States over the Yakama Reservation under Public Law 83-280. *Id.* at ¶ 5.10. Plaintiff emphasizes that the Yakama Nation did not agree to the law and it unsuccessfully challenged it in the United States Supreme Court. ECF No. 1 at ¶ 5.10; *Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 463 (1979).

On January 17, 2014, Washington State Governor Jay Inslee issued Proclamation by the Governor 14-01 ("Proclamation 14-01") partially retroceding the State of Washington's jurisdiction over the Yakama Reservation back to the United States.  ECF No. 1 at ¶ 5.11.  In Proclamation 14-01, the State of Washington retroceded to the United States "full civil and criminal jurisdiction in the following subject areas … Juvenile Delinquency."  *Id.* at ¶ 5.12.  The State of Washington also retroceded to the United States criminal jurisdiction over all offenses within the exterior boundaries of the Yakama Reservation, subject to limited exceptions.  *Id.*

On October 19, 2015, the United States Department of the Interior accepted the State of Washington's retrocessions of jurisdiction concerning the Yakama Reservation.  *Id.* at ¶ 5.13.  Plaintiff then insists that Klickitat County may no longer exercise any criminal jurisdiction over a minor Yakama Member for alleged crimes committed on the Yakama Reservation, as that jurisdiction lies with the Yakama Nation and/or the United States.  *Id.* at ¶ 5.14.

On September 27, 2017, Klickitat County arrested PTS, an enrolled Yakama Member and minor, detained PTS at the Northern Oregon Regional Correctional Facility, and charged PTS with two counts of statutory rape.  *Id.* at ¶ 5.16.  Plaintiff asserts that the alleged crimes occurred within the exterior boundaries of the Yakama Reservation near Glenwood within Tract D.  *Id.* at ¶ 5.17.  Plaintiff argues

that Defendants have acted unlawfully by arresting, detaining, charging, prosecuting, and convicting PTS. *Id.* at ¶ 5.18. Plaintiff also contends that Defendants have acted unlawfully by enforcing State laws within the boundaries of the Yakama Reservation. *Id.* at ¶ 5.19. Plaintiff notes that on April 11, 2016, the Klickitat County Sheriff's Office publicly stated that "we do not consider the town of Glenwood or any portion of Glenwood Valley part of the Reservation," and indicated that he would dispatch "additional deputies" to this area. *Id.*

## DISCUSSION

### I.      Failure to State a Claim for Relief

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

322 (2007)).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

Here, Defendants assert that the Court should dismiss all claims against Defendants Klickitat County, Klickitat County Sheriff's Office, and the Klickitat County Department of the Prosecuting Attorney pursuant to Rule 12(b)(6) for failure to state a claim.  ECF No. 16 at 4.  Defendants concede that Defendants Bob Songer and David Quesnel have the legal capacity to sue and be sued.  *Id.* at 4-5 n.1-2.

## A. Capacity to be Sued

Defendants insist that the Klickitat County Department of the Prosecuting Attorney and the Klickitat County Sheriff's Office must be dismissed from this lawsuit because they lack the capacity to be sued apart from Klickitat County.  *Id.* at 4-5.  The capacity of an entity to sue or be sued is determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3).  Under Washington law, to determine if a governmental body was intended to be a separate legal entity with the capacity to sue or be sued, courts look to the enactment providing for its establishment.  *Foothills Dev. Co. v. Clark Cty. Bd. of Cty. Comm'rs*, 46 Wash.

App. 369, 376-77 (1986) (citing *Roth v. Drainage Imp. Dist. No. 5 of Clark Cty.*, 64 Wash.2d 586, 588 (1964)).  If the enacting provision did not create a separate legal entity with capacity, then the legal action should be brought against the greater entity of which the governmental body is a part.  *See Roth*, 64 Wash.2d at 586 (holding that the drainage improvement district, organized by Clark County, did not have the capacity to sue or be sued apart from the County).

### 1.  Klickitat County Department of the Prosecuting Attorney

Defendants insist that the Klickitat County Department of the Prosecuting Attorney must be dismissed from this lawsuit because it lacks the capacity to be sued apart from Klickitat County.  ECF No. 16 at 4-5.  Defendants admit that the county prosecuting attorney is a separately elected official who acts in the dual role of county and state officer.  *Id.* at 9.  Defendants cite that a county prosecuting attorney acts as a state officer when preparing to prosecute and when prosecuting violations of state law.  ECF No. 16 at 9 n.20; *Whatcom Cty. v. State*, 99 Wash. App. 237, 250 (2000).  Defendants state that "[t]he legislature finds that an elected county prosecuting attorney functions as both a state officer in pursuing criminal cases on behalf of the state of Washington, and as a county officer who acts as civil counsel for the county."  ECF No. 16 at 9 n.20; Laws of 2008, ch. 309, § 1.  The State of Washington also pays a significant portion of the county prosecuting attorney's salary.  ECF No. 16 at 9 n.20; RCW 36.17.020(11).  The Washington

State Legislature has the power to remove a county prosecuting attorney from office through impeachment. ECF No. 16 at 9 n.20; Wash. Const. art. IV, § 9.

The Court finds the Klickitat County Department of the Prosecuting Attorney is capable of being sued directly, as it is not merely an entity of Klickitat County. The Court agrees with Plaintiff's argument regarding *Broyles v. Thurston County* that counties may not be liable for the actions of a prosecutor's office when it represents the state, such as when prosecuting criminal cases. ECF No. 23 at 10; *Broyles v. Thurston Cty.*, 147 Wash. App. 409, 429 (2008). Plaintiff states that only when a county prosecutor's office is acting in an administrative capacity that the county is a proper party to be sued for the acts or omissions of its prosecutor's office. ECF No. 23 at 10; *Broyles*, 147 Wash. App. at 428. Here, PTS was charged, prosecuted, and convicted for two counts of statutory rape by the Klickitat County Department of the Prosecuting Attorney as a representative of the state prosecuting a state crime. ECF No. 1 at ¶¶ 5.16-5.18.

The Court is not persuaded by Defendants' citation to a dissenting opinion in *Worthington v. Westnet* in order to argue that binding precedent shows a prosecutor's office cannot be sued separately from the county itself. ECF No. 24 at 3; *Worthington v. Westnet*, 182 Wash.2d 500, 514-15 (2015) (Justice Yu, dissenting). In this dissenting opinion, Justice Yu cites to *Day v. Pierce County Prosecuting Attorney's Office*, which determined that "county departments cannot

be sued unless the laws creating those departments allow them to be sued directly." *Worthington*, 182 Wash.2d at 515; *Day v. Pierce Cty. Prosecuting Attorney's Office*, 167 Wash. App. 1052, at *2 (2012) (unpublished) (citing *Roth*, 64 Wash.2d at 588). The court in *Day* determined that Pierce County did not designate the prosecuting attorney's office as an independent legal entity capable of being sued and thus the office was not a proper defendant. *Day*, 167 Wash. App. at *2. Yet, this case dealt with alleged violations of the Public Records Act, not the prosecuting attorney's role in a criminal action.

The Court determines that the Klickitat County Department of the Prosecuting Attorney can be sued in its official capacity separate from Klickitat County because it is acting in its distinct role as a state official in a criminal capacity. *See* ECF No. 16 at 9 n.20. That this Defendant is described as "an agency of Klickitat County" does not limit the potential that this Court could grant declaratory and injunctive relief against this Department acting under color of state law, not county authority.

## 2. Klickitat County Sheriff's Office

Defendants also argue that the Klickitat County Sheriff's Office must be dismissed from this lawsuit because it lacks the capacity to be sued apart from Klickitat County. ECF No. 16 at 4-5. Defendants state that the sheriff is a locally elected executive officer and he cannot be compelled to take or to refrain from

taking an action by the prosecuting attorney or the county's legislative authority. *Id.* at 10.

Plaintiff notes Defendants' admission that the Klickitat County Board of County Commissioners has no power to control or limit who the Klickitat County Sheriff's Office arrests or detains within Klickitat County. ECF Nos. 23 at 11; 16 at 10. Plaintiff emphasizes Defendants' argument that an injunction against Klickitat County will not be effective against the Klickitat County Sheriff's Office. ECF Nos. 23 at 11; 16 at 10. Plaintiff acknowledges the precedent in both state common law and this Court's previous decision in *Assenberg v. County of Whitman*. ECF No. 23 at 11; *Assenberg v. Cty. of Whitman*, No. 2:14-CV-0145-TOR, 2015 WL 5178032 (E.D. Wash. Sept. 4, 2015); *Tahraoui v. Brown*, 185 Wash. App. 1051 (2015) (unpublished). Yet, Plaintiff argues that if the Klickitat County Sheriff's Office does not have the capacity to be sued and declaratory or injunctive relief against Klickitat County will not enjoin the Sheriff's Office, then Plaintiff is left without recourse in preventing the reoccurrence of illegal arrests of Yakama Members. ECF No. 23 at 11.

As this Court has previously noted in *Assenberg*, "[n]o language in [RCW 36.28.010] demonstrates that the legislature intended a county sheriff's office to be a legal entity, separate and distinct from the county itself." *Assenberg*, 2015 WL 5178032, at *7 (citing *Tahrauoi*, 185 Wash. App. at *7 ("[N]othing in the statute

demonstrates that the legislature intended to create the Pierce County Sheriff's Department as a legal entity, separate and distinct from the county itself, with the capacity to sue and be sued.")). Yet, this case concerned liability for damages under a § 1983 claim regarding a search of a plaintiff's home with an invalid warrant. *Assenberg*, 2015 WL 5178032, at *1.

Here, the issue is whether a sheriff's office may be sued independently in regards to declaratory and injunctive relief. The Klickitat County Sheriff's Office has separate criminal control apart from Klickitat County, similar to the Klickitat County Department of the Prosecuting Attorney. Under the Washington State Constitution, the sheriff is a locally elected executive officer who is a conservator of the peace of the county. ECF No. 16 at 10; Wash. Const. art. XI, § 5; RCW 36.28.010. Defendants concede that the county sheriff cannot be compelled by the prosecuting attorney or the county. ECF No. 16 at 10. As the Sheriff's Office derives and exerts authority independent from the County, Plaintiff may seek an injunction preventing the Klickitat County Sheriff's Office from arresting Yakama Members for offenses occurring on the Yakama Reservation. This issue is then distinct from holding the Klickitat County Sheriff's Office liable as an agency of Klickitat County. Like the previous Defendant, this Defendant is described as "an agency of Klickitat County", but that description does not limit the potential that

this Court could grant declaratory and injunctive relief against this Office acting under color of state law, not county authority.

**B. Klickitat County**

Defendants argue that Klickitat County must be dismissed as it has no power to limit or control who is arrested, detained, prosecuted, adjudicated, convicted, sentenced, or incarcerated for a crime committed anywhere within the borders of Klickitat County, including non-reservation land. ECF Nos. 16 at 5-6; 24 at 2. Defendants insist that Klickitat County's inability to control the actions of the Klickitat County Department of the Prosecuting Attorney and the Klickitat County Sheriff's Office establishes that the County lacks the power or authority to comply with the injunction sought by Plaintiff. ECF No. 16 at 10. Defendants contend that because the County is not responsible for arrests, detentions, or prosecutions, this Court should grant the Motion to Dismiss. *Id.*

Plaintiff asserts that Washington State courts have recognized counties' capacity to sue and be sued under RCW 36.01.010. ECF No. 23 at 9. Under RCW 36.01.010, "counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law." RCW 36.01.010. Plaintiff argues that Klickitat County's capacity to be sued is not determined by the degree of control that the County exercises over the Klickitat County Department of the Prosecuting Attorney or the Klickitat County Sheriff's Office. ECF No. 23 at 9.

1    Defendants counter that Plaintiff concedes Klickitat County lacks control

2    over actions taken by the prosecuting attorney when representing the State in

3    criminal cases and that the same rule applies to the sheriff.  ECF Nos. 24 at 5; 23 at

4    10-11.  Defendants emphasize that Plaintiff also does not dispute that Klickitat

5    County lacks the authority to make arrests, detain individuals, prosecute, or

6    sentence anyone for violations of State law.  ECF No. 24 at 5.  Defendants argue

7    that in light of these concessions, there is no amendment that Plaintiff could make

8    to its Complaint that would prevent the dismissal of Klickitat County as a

9    defendant.  *Id.* at 5-6.

10    The Court notes that Defendants do not argue that Klickitat County does not

11    have the capacity to be sued, but that the County would not be able to comply with

12    Plaintiff's proposed injunction because it does not have authority to control the

13    actions of the prosecuting attorney and the sheriff and is not responsible for arrests,

14    detentions, or prosecutions.  ECF No. 16 at 4-5, 10.  Yet, the Court is not

15    persuaded by Defendants' argument, as the County, Department of the Prosecuting

16    Attorney, and Sheriff's Office may all separately comply with the requested

17    injunction to the extent of their authority and responsibilities.  Merely because the

18    County may not be able to prevent the Department of the Prosecuting Attorney or

19    the Sheriff's Office from arresting or prosecuting enrolled Yakama Members does

20    not mean that an injunction against the County is inappropriate.  The County's lack

of control over these other offices does not render its compliance with the proposed injunction fruitless. Accordingly, the Court denies Defendants' Motion to Dismiss.

## II. Failure to Join Necessary Parties

Under Federal Rule of Civil Procedure 12(b)(7), Defendants move to dismiss Plaintiff's claims with prejudice for failure to join necessary parties pursuant to Rule 19. ECF Nos. 16 at 11; 24 at 1-2. Defendants assert that joinder of the following individuals is necessary to ensure Klickitat County Department of the Prosecuting Attorney and the Klickitat County Sheriff's Office do not become subject to inconsistent obligations and to avoid multiple litigation: (1) Honorable Joseph Brusic, Yakima County Prosecuting Attorney; (2) Honorable Brian Winter, Yakima County Sheriff; (3) Honorable Bob Ferguson, Washington State Attorney General; (4) Chief Law Enforcement Officer, Washington State Dept. of Fish and Wildlife; (5) Captain Sheri Lopez, Liquor and Cannabis Board; (6) Chief Larry Raedel, Natural Resources Police; (7) Chief John R. Batiste, Washington State Patrol; (8) Mac Pevey, Department of Corrections, Assistant Secretary, Community Corrections Division; (9) Kenneth W. Raber, Toppenish City Prosecutor; (10) Curt Ruggles, Toppenish Police Chief; (11) Tony Swartz, Wapato City Prosecutor; (12) Chief of Police, City of Wapato; (13) Greg Cobb, Union Gap Chief of Police; and (14) Bronson Brown, City of Union Gap Attorney. ECF No. 16 at 11-12.

Rule 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). This rule provides a two-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party. *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996). First, the Court must decide whether the absentee is a necessary party under Rule 19(a). *Id.* Then, if joinder is not feasible, "the Court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P. 19(b)). A determination concerning joinder is "a practical one and fact specific." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). The burden of proving that a case should be dismissed for failure to join a necessary party falls to the moving party. *Id.*

An absent party is a necessary party if a court finds any of the following requisites are met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an

existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The relevant question for purposes of determining whether "complete relief" can be afforded is "whether success in the litigation can afford the plaintiffs the relief *for which they have prayed*." *Yellowstone Cty. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996) (citation omitted) (emphasis in original).

Here, Defendants admit that jurisdiction can be obtained over the missing officials without defeating federal jurisdiction over the matter, and thus the only issue is whether the officials are necessary. ECF No. 24 at 2. The Court then does not consider whether the officials are indispensable parties. *See* ECF No. 23 at 18-19.

First, Defendants asserts that joinder of the Yakima County Sheriff and Prosecuting Attorney is required because the Yakama Reservation lies within the Yakima County and Klickitat County. ECF No. 16 at 12. Defendants insist that failure to join would likely result in future separate lawsuits between the Yakama Nation and the Yakima County Sheriff and Prosecuting Attorney. *Id.* Defendants state that an injunction that restricts the charging decisions and authority of the Klickitat Prosecuting Attorney with respect to Yakama Members will not limit the practices of the Yakima County Prosecuting Attorney with respect to Yakama Members. *Id.* at 13. Defendants also note that an injunction that bars the Klickitat

County Sheriff from arresting or detaining Yakama Members will not alter the practices of the Yakima County Sheriff with respect to Yakama Members. *Id.* at 14.

Second, Defendants contend that the Washington Attorney General can deputize himself to stand in the role of a county prosecutor. *Id.* at 14. Defendants insist that if the Klickitat County Superior Court orders the detention of a Yakama Member in a prosecution conducted by the Washington Attorney General, then the Klickitat County Sheriff could find himself subject to competing court orders. *Id.* at 14-15.

Third, Defendants argue that a number of municipalities lie within the borders of the Yakama Reservation, and cities in Washington may conduct criminal prosecutions. *Id.* at 15. Defendants conclude that failure to join the municipal prosecutors and police chiefs would deprive the Yakama Nation of the full relief it seeks, and it could subject Klickitat County to competing state and federal court orders. *Id.*

Fourth, Defendants emphasize that a number of state commissioned officers possess authority to investigate crimes within the Yakama Reservation and Tract D. *Id.* Defendants state that the Washington State Patrol, Washington State Department of Fish and Wildlife, Washington Liquor and Cannabis Board, and Natural Resources Police all possess the power to initiate a non-felony criminal

prosecution by issuing a criminal citation to Yakama Members when the member commits a crime within the exterior boundaries of the Yakama Nation over which the State possesses jurisdiction under Public Law 280. *Id.* Defendants argue that "[j]oining these state officers to this lawsuit is the only way to prevent competing orders and to ensure that a single lawsuit will allow the Yakama Nation to receive the fullest measure of relief it is entitled to." *Id.* at 16.

Lastly, Defendants contend that the Washington Department of Corrections' community corrections officers possess the power to arrest felons who violate the terms of their sentences. *Id.* This power extends to violations committed by Yakama Members within the Yakama Reservation and Tract D. *Id.* The Klickitat County Sheriff's Office must accept individuals arrested by a community corrections officer within Klickitat County and must keep such person in custody until the offender is released by the court or an authorized department staff member. *Id.* Defendants conclude that joining the Department of Corrections reduces the likelihood that the Klickitat County Sheriff will be "whipsawed by inconsistent obligations." *Id.*

Plaintiff counters that the Court will be able to provide the Yakama Nation with the relief sought, which is to enjoin Klickitat County and its agents from unlawfully exercising criminal jurisdiction within the Yakama Reservation. ECF No. 23 at 16-17. Plaintiff asserts that Defendants' argument relies on "speculation

that disputes with different jurisdictions may arise at some point in the future involving jurisdictional tensions between other parties and the Yakama Nation that do not, at present, exist." *Id.* at 17. Plaintiff insists that "Rule 19 cannot be a vehicle to force a plaintiff to bring a lawsuit that is not ripe against a non-party." *Id.* Plaintiff argues that Defendants did not carry their burden of persuasion to show how the absence of these officials will preclude the Court from fashioning meaningful relief between the existing parties. *Id.*

Additionally, Plaintiff asserts that Defendants did not provide any evidence that the officials laid claim to an interest in the litigation. *Id.* Defendants did not explain why an injunction would not control on issues of enforcement between Defendants and their fellow state jurisdictions in the future. *Id.* at 17-18. Plaintiff states that to the extent this Court issues any injunctive relief, the requests from other parties to the Defendants to violate that court order is not a legitimate argument supporting a motion to dismiss. *Id.* at 18.

Defendants reply that Yakima County and the Washington Attorney General have demonstrated an interest in exercising criminal jurisdiction over adult Indians within the Yakama Nation's lands for crimes committed upon fee property against non-Indian victims. ECF No. 24 at 6. Defendants state that this interest is demonstrated by the Yakima County Prosecuting Attorney's defense of the exercise of criminal jurisdiction, assisted by the Washington Attorney General's

Office in *State v. Zack*. ECF No. 24 at 6; *State v. Zack*, 2 Wash. App. 2d 667 (2018). The Washington Court of Appeals held that the Governor's Proclamation retained State jurisdiction to prosecute an offense occurring on deeded land within the boundaries of the Yakama Reservation if the adult defendant or the victim is a non-Indian. ECF No. 24 at 7; *Zack*, 2 Wash. App. 2d at 669.

The Court finds that the above officials may permissively join, but it is not necessary to join these officials as Plaintiff may still receive complete relief. First, the Court is not persuaded by Defendants' hypotheticals that a future issue may occur between various officials charging a Yakama Member multiple times with an offense. Plaintiff may seek to enjoin the named Defendants from exercising their criminal jurisdiction over enrolled Yakama Members for actions arising within the Yakama Reservation without necessarily joining all the above officials. A potential future issue between the Washington State Attorney General, Washington State Department of Fish and Wildlife, Liquor and Cannabis Board, Department of Corrections, or a municipality is not ripe for review. The sole facts of this case involve the actions of Klickitat County and the Court is not here to rule on future hypotheticals. If any of these parties are concerned about the effect of the proposed injunction on their own exercise of criminal jurisdiction on Tract D, then they may seek to permissively join. Yet, their potential concern or future involvement does not mean they are necessary parties in this case.

The Court can still afford complete relief to Plaintiff by preventing the exercise of criminal jurisdiction on the Yakama Reservation by Klickitat County. The Court will not force Plaintiff to sue fourteen more parties merely because Defendants are concerned about these parties future involvement on Tract D if it is found that the land is part of the Yakama Reservation. The Court finds that it is appropriate to address only the facts of this case, which involve Klickitat County's exercise of criminal jurisdiction on Tract D. The Court will not extend Plaintiff's case further than it intended by requiring Plaintiff to sue every potential party who may seek to exercise jurisdiction on the disputed land.

Second, the Court does not find that the Yakima County Sheriff and Prosecuting Attorney will be subjected to a substantial risk of incurring inconsistent obligations. Plaintiff sues under the specific circumstance of PTS's arrest and conviction by Klickitat County and Yakima County is not involved in this issue. The Court acknowledges the possibility that if it rules Tract D is on reservation land and enters an injunction preventing Klickitat County from exercising criminal jurisdiction, then Yakima County may still attempt to exercise its criminal jurisdiction on Tract D. Yet, this is a future possibility and not an issue ripe for review. Plaintiff may still prevent Klickitat County from exercising its criminal jurisdiction on Tract D, which is the complete relief that Plaintiff seeks. If Yakima County is concerned about the requested injunction affecting its own

criminal jurisdiction, then it may seek to permissively join but it is not necessary to afford Plaintiff complete relief here.

The Court is also not persuaded that the Yakima County Prosecuting Attorney and Yakima County Sheriff have such an interest in exercising criminal jurisdiction as to create potential inconsistent obligations. *Zack* involved the prosecution of a defendant who was not an enrolled member of the Yakama Nation, but Plaintiff here only seeks to prevent criminal prosecution of enrolled Yakama Members and the case is thus distinguishable. *Zack*, 2 Wash. App. at 669. The Court determines that the Yakima County's potential exercise of criminal jurisdiction on Tract D does not influence this case, which purely relates to the actions of Klickitat County and Yakima County is then not a necessary party.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) and for Failure to Join Indispensable Parties Pursuant to FRCP 12(b)(7) (ECF No. 16) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 29, 2018.



Thomas O. Rice
THOMAS O. RICE
Chief United States District Judge