1    Kristen K. Mitchell, WSBA #31601
     Anne E. Egeler, WSBA #20258
2    Attorney General of Washington
     1125 Washington Street SE
3    PO Box 40100
     Olympia, WA  98504-0100
4    (360) 753-6200

5    *Attorneys for State of Washington*

6

7              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF WASHINGTON**
8

9    THE CONFEDERATED              NO. 1:17-cv-03192-TOR
     TRIBES AND BANDS OF THE
10   YAKAMA NATION, a              STATE OF
     sovereign federally recognized   WASHINGTON'S AMICUS
11   Native Nation,                BRIEF

12                  Plaintiff,

13            v.

14   KLICKITAT COUNTY, a
     political subdivision of the State
15   of Washington; KLICKITAT
     COUNTY SHERIFF'S OFFICE,
16   an agency of Klickitat County;
     BOB SONGER, in his official
17   capacity; KLICKITAT COUNTY
     DEPARTMENT OF THE
18   PROSECUTING ATTORNEY,
     an agency of Klickitat County;
19   and DAVID QUESNEL, in his
     official capacity,
20
                    Defendants.
21

22

STATE OF WASHINGTON'S                   ATTORNEY GENERAL OF WASHINGTON
AMICUS BRIEF                                      1125 Washington Street SE
1:17-CV-03192-TOR                                       PO Box 40100
                                                    Olympia, WA 98504-0100
                                                       (360) 753-6200

1

## TABLE OF CONTENTS

2   I.   INTRODUCTION ................................................................. 1

3   II.  STATE INVOLVEMENT IN TRACT D ............................................. 1

4        A.  The State Holds Trust Lands Within Tract D .............................. 1

5        B.  The State Has a Regulatory Role in Tract D ............................. 5

6        C.  The State Is Working Cooperatively with the Yakama Nation and
             Federal Government to Address Water Quality and Taxation in
7            Tract D ............................................................... 6

8   III. CONCLUSION .................................................................. 8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## TABLE OF AUTHORITIES

2

<u>Cases</u>

3

*Idaho v. Coeur d'Alene Tribe,*
   521 U.S. 261 (1997).........................................................................5

4

*Martin v. Waddell's Lessee,*
   41 U.S. 367 (1842)..........................................................................5

5

6

*Skamania v. State,*
   685 P.2d 576 (Wash. 1984).............................................................3

7

<u>Statutes</u>

8

Enabling Act, ch. 180, 25 Stat. 676 (1889).......................................2, 3

9

Wash. Rev. Code § 76.04 ...................................................................5

10

Wash. Rev. Code § 76.09 ................................................................5, 6

11

Wash. Rev. Code § 77.04.012 .............................................................6

12

Wash. Rev. Code § 77.55 ...................................................................6

13

Wash. Rev. Code § 77.55.021 .............................................................5

14

Wash. Rev. Code § 77.55.351 .............................................................6

15

Wash. Rev. Code § 78.44 ...................................................................5

16

Wash. Rev. Code § 82.08 ...................................................................7

17

Wash. Rev. Code § 82.12 ...................................................................7

18

Wash. Rev. Code § 90.48.260 .............................................................7

19

<u>Other Authorities</u>

20

Benjamin Harrison: Proclamation 294
   Admission of Washington Into the Union, November 11, 1889 ......2

21

Wash. Att'y Gen. Op. 11 (1996) .........................................................3

22

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## Constitutional Provisions

Wash. Const. art. XVI, § 1 ......................................................................3

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I.    INTRODUCTION

Pursuant to the Court's request, the State of Washington submits this amicus brief on behalf of Governor Inslee and state agencies. *See* ECF No. 59 at 5. The parties and the United States have already thoroughly briefed the legal issues related to whether Tract D is part of the Yakama Indian Reservation. The State has nothing to add on that issue and takes no position on it.

The State has two primary roles currently in Tract D. First, the State owns and manages approximately 36,521 acres of land that is held in trust. Second, the State has a regulatory role in Tract D. This includes regulating forest practices and surface mining; engaging in fire suppression activities throughout Tract D; reviewing and approving hydraulic projects within Tract D; and regulating hunting and fishing within Tract D.

The State, the Yakama Nation, and the federal government have worked cooperatively to address jurisdictional issues regarding other State interests, including water quality regulation and collection of state and local sales and use taxes, pending a final determination of the boundary location.

## II.    STATE INVOLVEMENT IN TRACT D

### A.    The State Holds Trust Lands Within Tract D

At statehood, the federal government granted the State of Washington certain lands to be held in trust for the benefit of the public schools and other beneficiaries. On February 22, 1889, Congress enacted the Omnibus Enabling

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Act (Enabling Act) that set forth the terms and conditions for the territories of

2    Dakota, Montana, and Washington to become states. Enabling Act, ch. 180,

3    25 Stat. 676 (1889).[1] The Enabling Act granted the State of Washington several

4    million acres of public land. These granted lands are expressly reserved in the

5    Enabling Act for support of the common schools (K-12); for public buildings at

6    the capitol for legislative, executive, and judicial purposes; for university

7    purposes (University of Washington); for establishment and maintenance of a

8    scientific school (Washington State University); for use and support of an

9    agricultural college (Washington State University); for state normal schools

10   (Central, Eastern, and Western Washington Universities, and The Evergreen

11   State College); and for charitable, educational, penal, and reformatory

12   institutions. *Id*.

13       In response to the Enabling Act, the people of Washington elected

14   delegates to a constitutional convention and ratified the constitution drafted by

15   those delegates. On November 11, 1889, President Benjamin Harrison, by

16   proclamation, verified the territory's compliance with the Enabling Act and

17   admitted Washington into the Union as the 42nd state. Benjamin Harrison:

18   Proclamation 294 – Admission of Washington Into the Union, November 11,

19   1889. The state constitution accepted the federal land grants in trust "for all the

20   people" and imposed restrictions on their disposal in addition to those imposed

21   _____

22       [1] http://leg.wa.gov/History/State/Pages/enabling.aspx

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    in the Enabling Act. *See* Wash. Const. art. XVI, § 1; *see also Skamania v. State*,

2    685 P.2d 576 (Wash. 1984), *and* Wash. Att'y Gen. Op. 11 (1996).

3         Under Section 10 of the Enabling Act, the United States granted

4    Washington land in sections sixteen and thirty-six of every township in the State

5    to support the common schools. *See* Enabling Act § 10. The exception to this

6    grant was where lands in those townships had already been sold or otherwise

7    disposed of, or were part of an Indian or another federal reservation. *Id*. In those

8    instances, the Enabling Act required the United States to grant other land "in lieu"

9    of such lands. *Id*. Accordingly, if the United States wrongfully granted land to

10   Washington in 1889 that should have been part of the Yakama Reservation, in

11   violation of Section 10 of the Enabling Act, then the United States could owe

12   Washington "in lieu" land. Depending on the outcome of this litigation, this issue

13   will likely be the topic of future discussions between the State of Washington and

14   the United States.

15        Within Tract D, the State owns approximately 36,521 acres of land that it

16   manages in trust for the various beneficiaries. Thus, just under one third of the

17   121,465.69 acres of land in Tract D is owned by the State of Washington.

18   ECF No. 58 at 10. The following chart shows the categories of land and acreage

19   managed by the State within Tract D:

20   / / /

21   / / /

22

STATE OF WASHINGTON'S                           3                    ATTORNEY GENERAL OF WASHINGTON
AMICUS BRIEF                                                              1125 Washington Street SE
                                                                              PO Box 40100
1:17-CV-03192-TOR                                                        Olympia, WA 98504-0100
                                                                            (360) 753-6200

| State Lands | Category | Acres |
|---|---|---|
| Administrative Site | Other | 2 |
| Charitable/Educational/Penal & Reformatory | Federal Grant | 7442 |
| Common School and Indemnity | Federal Grant | 13,842 |
| Community Forest Trust | Other | 2439 |
| Natural Resources Conservation Area | Natural Area | 2352 |
| Normal School | Federal Grant | 3839 |
| Scientific School | Federal Grant | 2599 |
| State Forest Transfer (Statutory Trust) | State Forest Lands | 1595 |
| University – Transferred | Federal Grant | 2411 |
| **Grand Total** | | **36,521** |

The State's land is managed primarily as working forests and for grazing leases. Additional minor uses (less than 20 acres) include surface gravel mines, communications sites, and tree stock sources. Only 1194 acres are designated as "non-forested," with 870 acres of those being road beds. The remaining acreage (approx. 400 acres) includes naturally occurring bald spaces, scree slopes (areas of broken rock at the base of a crag or cliff), gravel pits, and riverbeds. Approximately 2352 acres of this land is for the Klickitat Canyon Natural Resources Conservation Area, and 2439 acres are for the Klickitat Canyon Community Forest.

The trust lands within Tract D are actively managed to maximize net present value. From the year 2000 to the present, the gross timber revenue from the management of lands within Tract D is approximately $37,225,007.59. Non-timber gross revenue from those lands, from 2006 to the present, is approximately $263,640.06.

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    In addition to the lands granted to the State discussed above, when the State

2    entered the Union it also received title to the beds of its navigable waters under

3    the Equal Footing Doctrine. This Doctrine holds that the states, upon entry into

4    the Union, "became themselves sovereign; and in that character hold the absolute

5    right to all their navigable waters and the soils under them for their own common

6    use, subject only to the rights since surrendered by the Constitution to the general

7    government." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 283 (1997) (quoting

8    *Martin v. Waddell's Lessee*, 41 U.S. 367 (1842)). As it relates to the present

9    matter, the State has proprietary interests in the State-owned bedlands of the

10    Klickitat River, a portion of which flows through Tract D.

11    **B.    The State Has a Regulatory Role in Tract D**

12    In addition to managing land, the State has a regulatory role in Tract D.

13    This includes regulating forest practices (Wash. Rev. Code § 76.09); regulating

14    surface mining (Wash. Rev. Code § 78.44); and conducting fire suppression

15    activities (Wash. Rev. Code § 76.04).

16    The State also regulates hydraulic projects in the forests and waterways

17    located in Tract D. Hydraulic project approvals impose conditions that protect

18    fish life during construction and performance of other work. Wash. Rev.

19    Code § 77.55.021. The State regulates hydraulic projects associated with forest

20    practices in Tract D, as well as hydraulic projects unrelated to forest practices

21    that involve construction or work that uses, diverts, obstructs, or changes the

22

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    natural flow or bed of any body of water in Tract D. *See* Wash. Rev.

2    Code §§ 77.55, 77.55.351; Wash. Rev. Code § 76.09. The State also issues

3    hydraulic project approvals for projects undertaken by non-tribal persons and

4    entities within the Yakama Reservation.

5         Finally, the state Department of Fish and Wildlife regulates hunting and

6    fishing within Tract D. *See* Wash. Rev. Code § 77.04.012. To the extent it is

7    consistent with the Department of Fish and Wildlife's primary conservation

8    mandate, state law requires the agency to maximize the public's recreational

9    fishing and hunting opportunities. *Id.* Tract D includes popular hunting areas and

10   a stretch of the Klickitat River that garners use by anglers seeking a less-crowded,

11   remote fishing experience. The Klickitat Hatchery, owned by the Department of

12   Fish and Wildlife and leased to and operated by the Yakama Nation, is also

13   located on the Klickitat River, within Tract D.

14   **C.   The State Is Working Cooperatively with the Yakama Nation and Federal Government to Address Water Quality and Taxation in**
15   **Tract D**

16        The State, the Yakama Nation, and the federal government have worked

17   cooperatively to address water quality and tax issues pending final determination

18   of the legal boundary.

19        With respect to water quality, the Washington Department of Ecology has

20   worked with the United States Environmental Protection Agency (EPA). Under

21   state law, the Department of Ecology is the state agency designated to take action

22

1    under the federal Clean Water Act. Wash. Rev. Code § 90.48.260. The EPA has

2    taken the position that Tract D is within the Yakama Reservation, and therefore

3    the state Department of Ecology does not have delegated authority under the

4    federal Clean Water Act. *See* ECF No. 86-1 at 29-30. Because the EPA is

5    fulfilling the requirements of the Clean Water Act, including issuance of permits

6    for Glenwood's wastewater treatment facility, the Department of Ecology has

7    found it unnecessary to take a position regarding the reservation boundary.

8         The state Department of Revenue has also declined to take a position

9    regarding the reservation boundary. Outside the Yakama Indian Reservation,

10   enrolled members of the Yakama Nation are required to pay state and local sales

11   and use taxes. Wash. Rev. Code §§ 82.08, 82.12. In August 1994, the Department

12   of Revenue directed businesses within Tract D to stop collecting sales and use

13   tax from enrolled members of the Yakama Nation. Decl. of Smith at 2. The intent

14   of this tax collection decision was to provide tax certainty to businesses and

15   enrolled members of the Yakama Nation until there is a final determination of

16   the reservation boundary. *Id.* It is not an indication of the Department of

17   Revenue's position regarding the location of the reservation boundary.

18   / / /

19   / / /

20   / / /

21

22

1

### III.   CONCLUSION

2      The State takes no position on the location of the boundary. It appreciates

3  the opportunity to describe the State's role and interests within Tract D.

4      DATED this 15th day of July, 2019.

5                          ROBERT W. FERGUSON
                           Attorney General
6
                            *s/ Anne E. Egeler*
7                          ANNE E. EGELER, WSBA #20258
                           KRISTEN K. MITCHELL, WSBA #31601
8                          Attorneys for the State of Washington
                           Office of the Attorney General
9                          P.O. Box 40100
                           Olympia, WA 98504-0100
10                         Telephone: (360) 753-6200
                           Email: anne.egeler@atg.wa.gov
11

12

13

14

15

16

17

18

19

20

21

22

STATE OF WASHINGTON'S
AMICUS BRIEF
1:17-CV-03192-TOR

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on July 15, 2019, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system, which in turn

4   automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5   case who are registered users of the CM/ECF system. The NEF for the foregoing

6   specifically identifies recipients of electronic notice.

7

8          <u>s/ Casey D. Miller</u>
           CASEY D. MILLER
9          Legal Assistant
           Office of the Attorney General
10         1125 Washington Street SE
           PO Box 40100
11         Olympia, WA  98504-0100
           (360) 586-3243
12         caseym@atg.wa.gov

13

14

15

16

17

18

19

20

21

22